# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PAYTON STANTIS,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| **V.** | ) |
| | ) CIVIL ACTION NUMBER: |
| **CKS FINANCIAL, LLC,** | ) |
| | ) |
| **DEFENDANT.** | ) |
| | ) |

## PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, Payton Stantis, also known as Payton Huey, for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff Payton Stantis is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

4. The Defendant, CKS Financial, LLC ("CKS"), is incorporated in Virginia, and was, in all respects and at all times relevant herein, doing business in Shelby County, Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Shelby County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. The principal purpose of CKS's business is the collection of debts.

6. CKS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

7. CKS is a debt collector subject to the provisions of the FDCPA.

8. The alleged debt that CKS was seeking to collect from Plaintiff was for personal, household, or family uses.

9. In or around November 2016, CKS began collection activities on a debt CKS alleged was owed by Plaintiff to Prosper Funding LLC (Account Number 522756).

10. In January 2017, CKS left several messages via voicemail with Plaintiff's parents in which the collector disclosed information about the debt.

11. Two (2) of these calls happened on January 16, 2017 at 8:34 PM and January 18, 2017 at 12:23 PM.

12. These third-party contacts were intended to pressure Plaintiff into paying CKS and did cause Plaintiff embarrassment, mental anguish, and other physical and mental harm.

13. In addition, CKS left several messages for Plaintiff on Plaintiff's wireless voicemail.

14. These messages failed to disclose CKS was a debt collector or the information obtained would be used for that purpose as required by the FDCPA.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

15. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

16. The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

17. As a result of the Defendant's actions, the Plaintiff is entitled to an award of

statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

18. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

19. The Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

20. The Defendant knew or should have known that said conduct was improper.

21. The Defendant negligently failed to train and supervise agents and employees in order to prevent said improper conduct.

22. The Defendant negligently failed to train and supervise agents and employees on the FDCPA.

23. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS/WANTON TRAINING AND SUPERVISION

24. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

25. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

26. The Defendant knew or should have known that said conduct was improper.

27. The Defendant recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

28. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

29. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## NEGLIGENCE

30. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

31. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

32. Defendant knew or should have known that said conduct was improper.

33. Defendant negligently failed to prevent and/or participated in improper collection activities.

34. As a result of the Defendant's negligence, the Plaintiff suffered physical

damage, worry, anxiety, nervousness, and mental anguish.

## COUNT FIVE
## RECKLESSNESS AND WANTONNESS

35. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

36. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

37. Defendant knew or should have known that said conduct was improper.

38. Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

39. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§ 1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§ 1692k;

E. Compensatory and punitive damages against the Defendant on Plaintiff's state law claims for damages; and,

F. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/s/ John C. Hubbard
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com